**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | COMPLAINT |
| **WRS INFRASTRUCTURE and, ENVIRONMENT, INC. d/b/a WRS COMPASS** | ) ) ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Carl McKnight, J.D. Blakes, Ron Addison, Tyrone Gaston, and Kenneth Huemmer and a class of employees who were adversely affected by such practices. As alleged with greater particularity below, Defendant WRS Infrastructure and Environment, Inc. (doing business as WRS Compass) violated Title VII by maintaining a hostile work environment based upon race and association of race; by subjecting employees to different terms and conditions of employment based upon their race, including, but not limited to, different work standards, different discipline, different pay, more demanding work assignments, and less desirable equipment assignments; and by retaliating against a class of employees who opposed the discrimination.

## JURISDICTION AND VENUE

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

2. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title

1

VII, as amended, 42 U.S.C. §2000e-5(f)(1), §2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

4. The unlawful acts alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

5. Plaintiff Equal Employment Opportunity Commission ("EEOC" or the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3), 42 U.S.C. §2000e-5(f)(1) and (3).

6. At all relevant times, Defendant WRS Infrastructure and Environment, Inc. (doing business as WRS Compass) has continuously been a corporation doing business in the State of Illinois and the City of Chicago, Illinois.

7. At all relevant times, Defendant WRS Infrastructure and Environment, Inc. (doing business as WRS Compass) has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendant WRS Infrastructure and Environment, Inc. (doing business as WRS Compass) has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

9. More than thirty (30) days prior to the institution of this lawsuit, Carl McKnight, J.D. Blakes, Ron Addison, Tyrone Gaston, and Kenneth Huemmer filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant WRS Infrastructure and Environment, Inc. (doing business as WRS Compass).

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since at least December 2006, Defendant has engaged in unlawful employment practices in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Such unlawful

employment practices include, but are not limited to, subjecting Carl McKnight, J.D. Blakes, Ron Addison, Tyrone Gaston, and a class of Black employees to harassment and different terms and conditions of employment because of their race. Those different terms and conditions of employment include, but are not limited to, subjecting Black employees to different work standards, different discipline, different pay, assigning them more demanding work, and assigning them to less desirable equipment. Such practices also include subjecting Ken Huemmer and a class of employees to harassment because of race and association with those of another race.

12. Since at least July 2007, Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These retaliatory practices include, but are not limited to, engaging in intentional discrimination by discharging a class of employees in retaliation for opposing discrimination.

13. The result of the practices complained of in paragraph 11 and 12 has been to deprive Carl McKnight, J.D. Blakes, Ron Addison, Tyrone Gaston, and Kenneth Huemmer and a class of employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race, association with those of another race, and/or opposition to discrimination.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Carl McKnight, J.D. Blakes, Ron Addison, Tyrone Gaston, and Kenneth Huemmer and a class of employees.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of race, and which eradicate the effects of its unlawful employment practices;

      C.      Order Defendant to make whole Carl McKnight, J.D. Blakes, Ron Addison, Tyrone Gaston, and Kenneth Huemmer and a class of employees by providing compensation for past and future pecuniary losses resulting from those unlawful employment practices, including, but not limited to, medical expenses, in amounts to be determined at trial;

      D.      Order Defendant to make whole Carl McKnight, J.D. Blakes, Ron Addison, Tyrone Gaston, and Kenneth Huemmer and a class of employees by providing compensation for past and future non-pecuniary losses resulting from those unlawful employment practices, including, but not limited to, emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

      E.      Order Defendant to pay Carl McKnight, J.D. Blakes, Ron Addison, Tyrone Gaston, and Kenneth Huemmer and a class of employees punitive damages for its malicious and reckless conduct in amounts to be determined at trial;

      F.      Prohibit Defendant from discriminating against any individual for engaging in protected activity under Title VII of the Civil Rights Act of 1964, or for opposing practices made unlawful by Title VII, or for participating in this lawsuit;

      G.      Grant such further relief as this Court deems necessary and proper in the public interest; and

      H.      Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
131 M Street, N.E.,
Washington, D.C. 20507

*s/John C. Hendrickson*
John C. Hendrickson
Regional Attorney

*s/Gregory Gochanour*
Gregory Gochanour
Supervisory Trial Attorney

*s/Richard J. Mrizek*
Richard J. Mrizek
Trial Attorney

Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 886-9078