**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO. 09 C 4272** |
| **RON ADDISON; KEVIN BENSON; J.D. BLAKES; TYRONE GASTON; JIM HERRINGER; KENNETH HUEMMER; CARL MCKNIGHT; NATHANIEL ROBERTS; MICHAEL SMITH; RANDY STEVENSON; and RALPH TOWNES,** | ) ) ) ) ) ) ) ) | **Judge Virginia Kendall** |
| **Intervening Plaintiffs,** | ) ) | |
| **v.** | ) ) | |
| **WRS INFRASTRUCTURE AND ENVIRONMENT, INC. d/b/a WRS COMPASS,** | ) ) ) ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION *IN LIMINE* NO. 1
MOTION TO EXCLUDE EVIDENCE OF
ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS**

Defendant WRS Infrastructure and Environment, Inc. ("WRS" or "Defendant") respectfully moves this Court for the entry of an order *in limine* barring Plaintiffs from referencing, questioning any witnesses about or offering any evidence of attorney-client privileged communications between Defendant and its in-house counsel.   In support of this motion, Defendant states the following:

1.        During the October 2007 noose investigation, Defendant's in-house counsel, Gregory Munson, provided legal advice concerning how to conduct the investigation.  In addition, Munson legally advised WRS on how to respond to the two NBC news reports that

1

aired in February and April 2008.  Given Munson's role as a legal advisor, Defendant withheld

in discovery Munson's privileged communications with WRS.

2.      On June 23, 2010, Magistrate Keys ordered WRS to produce certain attorney-

client privileged communications (ECF # 42-43), and Judge Kendall affirmed that decision on

October 25, 2010 (ECF # 60).  The Court held that "By asserting the *Faragher-Ellerth* defense,

documents related to a defendant's investigation are not protected by the attorney-client

privilege" because  the EEOC is entitled to "analyze the reasonableness of the investigation" (*id.*

at p. 2).  As a result, WRS was ordered to produce attorney-client privileged documents, bates

labeled with the prefix "PRV."

3.      Plaintiffs have listed as trial exhibits seven (7) documents claimed by WRS to be

privileged (*see* Pls. Exs. 9-15).  Defendant seeks to bar Plaintiffs from referencing or using those

exhibits at trial or questioning any witnesses about attorney-client privileged communications

with Munson.

4.      While Defendant acknowledges that the *Faragher-Ellerth* defense requires an

assessment of whether it acted reasonably, WRS respectfully disagrees that the underlying legal

advice it received and whether it followed that advice is relevant to the reasonableness inquiry.

Rather, the legal advice is relevant only if a defendant places its attorney's advice at issue and

seeks to rely on that advice to claim that it conducted a good-faith investigation.  *See e.g.,*

*Alberts v. Wickes Lumber Co.*, No. 93 C 4397, 1995 U.S. Dist. LEXIS 883, at *4 (N.D. Ill. Jan.

26, 1995) ("[S]ince [defendant] intends to allege and show in support of its position that the

investigation was conducted pursuant to the advice of counsel, then the advice that counsel gave

during the course of the investigation relating to the investigation is clearly relevant and cannot

be considered privileged.  It must be emphasized that it is [defendant] that has placed the

14296110v.2

investigation *and the advice of counsel with respect to that investigation* at issue in this case.")
(emphasis added).

      5.      Reliance on an attorney's advice in an investigation is critically different from
reliance upon an investigation itself.  Here, WRS never put its attorney's advice at issue when
raising the *Faragher/Ellerth* affirmative defense.

      6.      Throughout this litigation, WRS has maintained that its defense is based only on
its actual investigations themselves: the actions it took to investigate harassment complaints,
without reference to whether it was following its attorney's advice.  WRS has never claimed that
its affirmative defense included reliance on advice of counsel.

      7.      Accordingly, for the reasons stated herein and in WRS's previously filed
Objections to Magistrate Judge Order on Privileged Information (ECF # 53), Defendant
respectfully requests that the Court bar Plaintiffs from referencing or using as exhibits WRS's
privileged communications with its in-house counsel and bar Plaintiffs from questioning any
witnesses about those attorney-client privileged communications.

      WHEREFORE, WRS respectfully requests that the Court bar all documents and
testimony concerning attorney-client communications between WRS and its in-house counsel
Gregory Munson.

**DATED:  May 11, 2012**

Respectfully submitted,

WRS INFRASTRUCTURE AND
ENVIRONMENT, INC.


By: _____ /s/ Annette Tyman _____
              One of Its Attorneys

Jeffrey K. Ross
Gerald L. Pauling II
Erin D. Foley
Michelle K. Mellinger
Annette Tyman
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

14296110v.2

## <u>CERTIFICATE OF SERVICE</u>

I, Annette Tyman, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ATTORNEY-CLIENT COMMUNICATIONS to be served upon the following counsel through the Court's electronic case filing system on this 11th day of May, 2012:

Fay Clayton
Lydia A. Bueschel
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL  60606

John C. Hendrickson
Gregory Gochanour
Richard J. Mrizek
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois 60661


_____ /s/ Annette Tyman _____

14296110v.2