IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) ) Plaintiff, ) ) RON ADDISON; KEVIN BENSON; J.D. ) BLAKES; TYRONE GASTON; JIM ) HERRINGER; KENNETH HUEMMER; ) CARL MCKNIGHT; NATHANIEL ) ROBERTS; MICHAEL SMITH; RANDY ) STEVENSON; and RALPH TOWNES, ) ) Intervening Plaintiffs, ) ) v. ) ) WRS INFRASTRUCTURE AND ) ENVIRONMENT, INC., d/b/a WRS ) COMPASS, ) Defendant. ) | Case No. 09 C 4272<br><br>Judge Virginia Kendall |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION IN LIMINE NO.1 TO EXCLUDE EVIDENCE OF ATTORNEY-CLIENT COMMUNICATIONS**

The U.S. Equal Employment Opportunity Commission and Intervening Plaintiffs (collectively, "Plaintiffs") respectfully ask this Court to deny Defendant's motion to exclude attorney-client communications that relate to WRS's investigation of racial harassment issues at the Lake Calumet job site. The Court has ruled previously that WRS waived its attorney-client privilege with respect to in-house counsel's involvement in any investigation of racial harassment at the Lake Calumet job site by raising that investigation as a defense. *See* ECF No. 43, *affirmed* ECF No. 60. Since WRS still intends to submit the investigation and response to racial harassment directed by in-house counsel as a defense at trial, it has waived any privilege

1

concerning in-house investigation and Defendant has not demonstrated why the Court should disregard its prior ruling under the law of the case doctrine.

Defendant intends to assert its racial harassment investigation directed by in-house counsel Greg Munson in defense of Plaintiffs' allegations. A party waives its privilege over attorney advice regarding an investigation if a party asserts that investigation as a defense. In *Johnson v. Rauland-Borg Corp.,* the court held that since Defendant "placed the reasonableness of its conduct following Johnson's sexual harassment allegations at issue, it must reveal *the legal advice it received.*" 961 F. Supp. 208, 211 (N.D. Ill. 1997) (emphasis added); *see also Jones v. Scientific Colors*, No. 99 C 1959, 2001 WL 845650 (N.D. Ill. July 26, 2001) (finding waiver of privilege for attorney involvement when "the undercover investigation was *initiated* at his instance" and that the attorney "was actively involved in *directing the investigation.*") (emphasis added); *Musa-Muaremi v. Florists' Transworld Delivery, Inc.*, 270 F.R.D. 318 (N.D. Ill. 2010) (finding waiver of privilege when investigation was asserted as defense to harassment claim, noting that raising its investigation as a defense "waives any attorney-client privilege that might apply to a defendant's investigation documents or communications.").

Defendant WRS apparently wants to rely selectively on in-house counsel Greg Munson at trial while arguing that Plaintiffs should be excluded from using him on the basis of privilege. WRS has listed two documents authored by Munson as exhibits and listed Munson as a "will call" witness for trial. The Court previously rejected this selective approach, finding the purpose of waiver is "to allow the EEOC to consider *all* documents relevant to the investigation." ECF No. 60 at p. 2; *see also Brownell v. Roadway Package System, Inc.,* 185 F.R.D. 19, 25 (N.D.N.Y. 1999) (only way finder of fact or plaintiff can determine reasonableness of defendant's investigation is through full disclosure).

Defendant's attempt to reargue the issue of privilege waiver is barred by the law of the case doctrine. The law of the case doctrine provides that "a ruling made in an earlier phase of litigation controls the later phases unless a good reason is shown to depart from it." *Tice v. American Airlines*, 373 F.2d 851, 853 (7th Cir. 2004). In its motion *in limine*, Defendant merely reargues the position it lost previously and does not "argue that an intervening change in law or other changed or special circumstance warrants a departure." *Id.* This Court's previous ruling that Defendant waived any privilege pertaining to Munson's involvement in the investigation by including that investigation in its defense (which it continues to do) is the law of the case and cannot be re-decided on a motion in limine. *See Gage v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 365 F. Supp. 2d 919, 938-939 (N.D. Ill. 2005).

WHEREFORE, Defendant's motion in limine seeking to exclude privileged communications from in-house counsel Greg Munson should be DENIED.

May 18, 2012                                    Respectfully Submitted,

                                                **U.S. EQUAL EMPLOYMENT
                                                OPPORTUNITY COMMISSION**

                                                /s/ Richard J. Mrizek

                                                Richard J. Mrizek (ARDC No. 6237730)
                                                Brandi L. Davis
                                                Grayson S. Walker
                                                EQUAL EMPLOYMENT OPPORTUNITY
                                                COMMISSION
                                                500 West Madison Street, Suite 2000
                                                Chicago, Illinois 60661
                                                (312) 886-9078 – Telephone
                                                (312) 869-8124 – Facsimile
                                                richard.mrizek@eeoc.gov
                                                brandi.davis@eeoc.gov
                                                grayson.walker@eeoc.gov

**INTERVENING PLAINTIFFS**

/s/ Lydia A. Bueschel

Lydia A. Bueschel (ARDC No. 6274638)
Fay Clayton
Adam Herzog
Laura Kleinman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
(312) 663-3100 – Telephone
(312) 663-0303 – Facsimile
lbueschel@robinsoncurley.com
fclayton@robinsoncurley.com
aherzog@robinsoncurley.com
lkleinman@robinsoncurley.com

## CERTIFICATE OF SERVICE

      I, Grayson Sang Walker, an attorney, hereby certify that I caused a copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE ATTORNEY-CLIENT COMMUNICATIONS** to be delivered via ECF-Pacer on May 18, 2012, to counsel of record at the following addresses:

Jeffrey K. Ross  
Gerald Pauling  
Michelle K. Mellinger  
Julie C. Reyes  
SEYFARTH SHAW LLP  
131 South Dearborn Street  
Suite 2400  
Chicago, Illinois 60603  
(312) 460-5000  

Fay Clayton  
Lydia A. Bueschel  
ROBINSON CURLEY & CLAYTON, P.C.  
300 South Wacker Drive, Suite 1700  
Chicago, IL 60606  
(312) 663-3100  

                                      Respectfully submitted,

                                      /s/ Grayson S. Walker

                                      Grayson S. Walker  
                                      U.S. Equal Employment Opportunity Commission  
                                      500 W. Madison St., Suite 2000  
                                      Chicago, IL 60661  
                                      (312) 869-8118  
                                      grayson.walker@eeoc.gov