# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 4272 | **DATE** | 6/13/2012 |
| **CASE TITLE** | Equal Employment Opportunity Commission v. WRS Infrastructure and Environment, Inc | | |

**DOCKET ENTRY TEXT**

MOTION by Defendant WRS Infrastructure and Environment, Inc. for leave to file WRS' Motion In Limine No. 8 Instanter [142] is denied and MOTION by Defendant WRS Infrastructure and Environment, Inc. in limine No. 8 - Motion To Bar Plaintiff Benson's Testimony Regarding Alleged Protected Activity [144] is denied as moot.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Defendant WRS seeks leave to file its motion in limine #8 (the "Motion") a few days after the previously scheduled deadline for filing motions in limine. Plaintiff Equal Employment Opportunity Commission ("EEOC") and individual plaintiffs (EEOC and individuals together, "Plaintiffs"), oppose the filing of the motion on both procedural and substantive grounds. The Court need not address the procedural issue of the Motion's timeliness, because the motion is denied on substantive grounds. The Motion impermissibly seeks to relitigate via motion in limine an issue already decided by this Court in its denial of WRS' motion for summary judgment.

WRS requests in the Motion that this Court bar testimony by plaintiff Kevin Benson ("Benson") as to any protected statements he made on January 31, 2008. According to WRS, Benson refused to testify at his deposition to the details of any conversation on January 31, 2008. In opposing summary judgment, having no information from Benson himself, Plaintiffs relied upon the recitation of the January 31, 2008 conversation provided by WRS employee Robert Heck ("Heck"). In the course of a conversation about unloading plywood, Heck testified at his deposition that Benson stated to Heck that Benson did not have to work in a hostile work environment. The Court, reviewing Heck's testimony about the conversation in conjunction with other information in the record, particularly the impending airing of a news story about racial discrimination at the same worksite by WRS, held that a genuine issue of disputed facts existed as to whether Benson's comment referenced the alleged racially hostile work environment, and as to whether that comment had a causal connection to Benson's termination a few days later.

A court's power to determine evidentiary issues as motions in limine stems from the court's inherent power to manage trials. *Luce v. United States*, 469 U.S. 38, 41 (1983). Motions in limine may be used to eliminate evidence "that clearly ought not be presented to the jury because [it] clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Svcs.*, 115 F.3d 436, 440 (7th Cir.1997). Several courts

**STATEMENT**

in this district have concluded that genuine issues of disputed fact are not appropriately litigated as motions in limine. *See, e.g.*, *Abbott v. Sandoz*, 743 F. Supp. 2d 762 (N.D. Ill. 2010) ("a genuine factual dispute cannot be resolved through a motion in limine"); *Hill v. City of Chicago*, 2011 WL 3205304 at *4 (N.D. Ill. July 28, 2011) (quoting *Johnson v. Inland Steel Co.*, 140 F.R.D. 367, 371 (N.D. Ill. 2002) ("Motions in limine are 'designed to narrow evidentiary issues at trial, not resolve factual disputes or weigh evidence'")).

WRS' disagreement with this Court's summary judgment ruling of September 2011 appears to be the sole basis for the Motion. The Motion does not discuss any rules of evidence by which Benson's statement to Heck should not be admissible; rather, the Motion alleges that this Court "erred" in finding a disputed issue of fact meriting denial of summary judgment as to Benson's retaliation claim. This Court agrees with other courts in this district that to the extent WRS takes issue with this Court's ruling on summary judgment, it should have done so months ago as a motion to reconsider the summary judgment opinion, entered in September 2011, not as an evidentiary motion filed on the eve of trial.

Denial of the Motion at this time does not, however, prevent this Court from addressing the validity of the evidence once that evidence has been presented at trial. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1997); *see also Luce*, 469 U.S. at 41-42 (a judge is free to alter previous ruling on a motion in limine at trial). To the extent Benson's deposition testimony lacks details about protected activity, and to the extent the parties choose to challenge the recollections of Heck, WRS and Plaintiffs are each free to use the depositions of Benson, and Heck, for impeachment purposes at trial.