IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> RON ADDISON, KEVIN BENSON, J.D. BLAKES, TYRONE GASTON, JIM HERRINGER, KENNETH HUEMMER, CARL MCKNIGHT, NATHANIEL ROBERTS, MICHAEL SMITH, RANDY STEVENSON, AND RALPH TOWNES, <br><br> Intervening Plaintiffs. <br><br> WRS INFRASTUCTURE AND ENVIRONMENT, INC. D/B/A WRS COMPASS, <br><br> Defendant. | CIVIL ACTION NO. 09-cv-4272 <br><br><br><br><br><br><br><br><br><br><br><br><br><br> Judge Virginia Kendall <br> Magistrate Judge Arlander Keys |

## CONSENT DECREE

### THE LITIGATION

1. On July 15, 2009, Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed suit against Defendant WRS Infrastructure and Environment, Inc. ("WRS") under Title VII of the Civil Rights Act of 1964 (the "Title VII"), 42 U.S.C. §2000e, et seq. ("Title VII case"). The EEOC alleged that WRS violated Title VII by subjecting a class of Black employees to harassment and different terms and conditions because of their race, and retaliation; and subjecting a class of White employees to harassment and different terms and conditions of employment because of their association with those of another race, and retaliation.

2. On August 31, 2009, Ron Addison, Kevin Benson, J.D. Blakes, Tyrone Gaston, Jim Herringer, Kenneth Huemmer, Carl McKnight, Nathaniel Roberts, Michael Smith, Randy Stevenson, and Ralph Townes (hereafter "Intervening Plaintiffs") filed an intervening complaint, alleging that WRS violated Title VII and 42 U.S.C. §1981 by subjecting Black employees to harassment and different terms and conditions because of their race and subjecting White employees Benson, Huemmer, Herringer, and Stevenson to harassment because of their association with those of another race.

3. On September 18, 2009, WRS answered the EEOC and Intervening Plaintiffs Complaints, denying all of the allegations of unlawful conduct. WRS further asserted that it had taken reasonable care to prevent and correct any unlawful harassment, and made good-faith efforts to comply with the law.

4. On September 27, 2011, the Court denied Defendant's motion for summary judgment on the Black employees' claims of race harassment and termination and White employee Benson's retaliation claim. The Court dismissed the claims of the White employees for harassment and the termination claim of Stevenson for wrongful discharge based on association with those of another race.

5. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree").

6. By entering into this Decree, no party makes any admission regarding any claims or potential claims or defenses thereto.

7. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC and the Intervening Complaint filed by the Intervening Plaintiffs.

## FINDINGS

8. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

(a) This Court has jurisdiction of the subject matter of this action and of the parties.

(b) The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the EEOC, WRS, the Intervening Plaintiffs, and the public interest are adequately protected by this Decree.

(c) This Decree conforms to the Federal Rules of Civil Procedure, Title VII, §1981, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and §1981 and will be in the best interests of EEOC, WRS, the Intervening Plaintiffs, and the public interest.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION AGAINST RACE DISCRIMINATION

9. WRS and its officers, agents, employees, successors, assigns, and all persons acting in concert with it, are hereby enjoined from (1) harassing or permitting harassment on the basis of race or on the basis of racial association including, but not limited to, the terms and conditions of employment, and (2) terminating employees on the basis of race or on the basis of racial association.

## INJUNCTION AGAINST RETALIATION

10. WRS, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person

has opposed any practice made unlawful under Title VII or Section 1981, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII or Section 1981, or asserted any rights under this Decree.

## MONETARY RELIEF

11. WRS shall pay the gross total sum of Two Million Seven Hundred Fifty Thousand dollars ($2,750,000) as damages and attorneys' fees to be distributed in accordance with the terms of this Decree. Each payment for compensatory damages shall be reported on IRS Form 1099 and WRS shall make no deductions from such payments. Each payment for back pay shall be reported on an IRS Form W-2, a copy of which shall be furnished to the appropriate Intervening Plaintiff. No deductions shall be made from back pay payments for WRS's share of employment taxes or other employer deductions.

12. Each of the Intervening Plaintiffs shall receive damages as set forth in Exhibit A, which is filed under seal.

13. For each Intervening Plaintiff named in Exhibit A, no later than August 28, 2012, WRS shall issue and deliver checks for damages and/or back pay, in the amounts specified in Exhibit A, which shall be given to each Intervening Plaintiff immediately after such Intervening Plaintiff has signed a Release Agreement. The Release Agreement was negotiated between Intervening Plaintiffs and their counsel and WRS. The EEOC did not take part in those negotiations and has not approved the Release Agreement. Within 10 days following the delivery of the checks, WRS shall submit copies of all payment checks to the EEOC.

## ATTORNEYS' FEES AND COSTS

14. Within fourteen (14) business days of entry of this Decree, WRS shall pay Intervening Plaintiffs' counsel $1,250,000 in attorneys' fees and costs.

## ANTI-HARASSMENT AND ANTI-DISCRIMINATION POLICY

15. Commencing no later than twenty (20) calendar days after the approval and entry of this Consent Decree, WRS shall maintain a policy against race discrimination and harassment for the duration of this Decree and evaluate its supervisors and managers for compliance with company policies, including WRS's anti-harassment and anti-discrimination policies. WRS shall distribute said policy to each employee during the first training provided by this Consent Decree. WRS will also provide the policy to all new employees within fourteen (14) days of initial employment. The policy, at minimum, shall:

(a) Specifically prohibit all discrimination and harassment against employees on the basis of race or association of race.

(b) Inform employees that they may raise complaints with management members located on site, as well as with a designated contact person or hot line outside of the job site, and the company will investigate all complaints.

(c) Inform employees that complaints of discrimination will be investigated thoroughly and promptly and shall provide that employees, including management employees who violate the policy, are subject to discipline up to and including discharge.

(d) Require the designation of a person with responsibility for promptly investigating complaints of discrimination and harassment.

(e) Affirmatively state that employees will not be subject to retaliation if they in good faith bring a complaint in which they have a reasonable belief or participate in an investigation. The policy will not suggest or state that only workers who make "valid" or similar such complaints are protected from retaliation.

(f) Require that foremen and other managers who observe harassing behavior or become aware of a harassment complaint have a duty to report such observations or complaints to Human Resources or upper management within 2 business days; and

16. WRS shall develop and maintain a policy regarding internal investigation of all complaints concerning alleged race discrimination, race harassment and/or retaliation. WRS's policy, at a minimum shall require that:

(a) WRS make all reasonable efforts to fully investigate all complaints of harassment, retaliation, and/or discrimination within fourteen (14) days of the date the allegation is brought to the attention of Human Resources or upper management;

(b) all material witnesses be interviewed and in person interviews are strongly preferred;

(c) the company photograph or otherwise preserve all evidence in a manner that will facilitate further forensic investigation;

(d) all complaining parties and witnesses will be assured that they will not be retaliated against;

(e) WRS prepare written findings of the results of each investigation; and

(f) the findings be communicated to the alleged victim of discrimination.

RACE/ASSOCIATIONAL HARASSMENT / ANTI-DISCRIMINATION TRAINING

17. While the EEOC believes that more frequent training is advisable, the parties agree that, at a minimum, WRS shall train all of its employees for the duration of this Decree regarding its anti-discrimination and anti-harassment policies ("Training") as follows: (a) to all current Employees, within six (6) months following approval and entry of this Decree and once again during the duration of the decree for all employees employed more than one year, and (b)

to all new hires, during their first week of employment. Any employee who is rehired will be considered a new hire for the purposes of training.

18. WRS shall maintain a log of signed training certificates for all Training provided pursuant to Paragraph 17a and b.

19. For the Training identified in Paragraph 17, WRS shall obtain the EEOC's approval of its proposed training prior to the commencement of the Training session(s). WRS shall submit the training proposal to the EEOC at least fifteen (15) business days prior to the proposed commencement date(s) of the training(s). The EEOC shall have ten (10) business days from the date of receipt of the information described above to accept or reject the proposed training. In the event the EEOC does not approve WRS's designated training, WRS shall have ten (10) business days to identify alternate training. The EEOC shall have ten (10) business days from the date of receipt of the information described above to accept or reject the alternate training. If the parties cannot through this process agree on training, then they may seek the Court's assistance under Paragraph 33.

20. WRS shall certify to the EEOC in writing within five (5) business days after the sixth (6th) month following the entry of this Decree that training required under Paragraph 17 has taken place and that the required personnel have attended. Such certification(s) shall include: (i) the date and duration of the training; and (ii) a copy of the log of signed training certificates, which shall include the name and position of each person completing the training. Every twelve (12) months thereafter, WRS shall certify in writing to the EEOC that all trainings required under Paragraph 17 have taken place and that the required personnel have completed training, including (i) the date of the training; and (ii) a copy of the log of signed training certificates, which shall include the name and position of each person completing the training.

21. Upon the EEOC's request, WRS agrees to provide it with copies of any and all pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## SUPERVISOR ACCOUNTABILITY

22. WRS agrees that it shall impose discipline up to and including suspension, demotion and termination upon any supervisor or manager, who: (i) engages in race discrimination or race association discrimination (ii) knowingly tolerates any such conduct in his or her presence or among persons under his or her supervision; (iii) fails to report allegations of race or racial association harassment or discrimination to the appropriate WRS personnel within 48 hours; or (iv) retaliates against any person who complains or participates in any investigation or proceeding concerning any such conduct. WRS shall communicate this policy to all agents, supervisors and managers.

## POSTING OF NOTICE

23. Within ten (10) business days after approval and entry of this Decree, WRS shall post same size copies of the Notice attached as Exhibit B to this Decree at all its facilities and job sites, which are expected to last more than 30 days. The notice will be included in the new hire and rehire packets at job sites expected to last less than 30 days. The Notice shall remain posted for three (3) years from the date of entry of this Decree or until WRS work ceases at the jobsite. WRS shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. WRS shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. WRS shall permit a representative of the EEOC to enter WRS's premises and jobsites for purposes of verifying compliance with this Paragraph at any time during normal business hours.

## RECORD KEEPING

24. For the duration of this Decree, WRS shall maintain records of each complaint or report (whether written or oral) of race or racial association discrimination, race or racial association harassment, or retaliation. For each complaint or report of race or racial association discrimination, race or racial association harassment, or retaliation, the above-noted records shall include: (i) the name of the complaining or reporting person (including social security number, address, and telephone number, if available); (ii) the date of the complaint or report; (iii) a written description of what was alleged in the complaint or report; (iv) the names of any witnesses; (v) all notes of interviews; (vi) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, WRS took; and (vii) if the complaint or report was made in written form, a copy thereof.

25. WRS shall make all documents or records referred to in Paragraph 24 above, available for inspection and copying within ten (10) business days after the EEOC so requests at the EEOC's Chicago District Office, or at another mutually agreed upon location. In addition, WRS shall require personnel within its employ whom the EEOC requests for purposes of verifying compliance with this Decree to cooperate reasonably with the EEOC and to be interviewed.

## REPORTING

26. WRS shall furnish to the EEOC the following written reports semi-annually for a period of three (3) years following the approval and entry of this Consent Decree. The first report shall be due six (6) months after entry of the Consent Decree. The final report shall be due 35 months after entry of the Decree. Each such report shall contain (as applicable):

(a) A summary all complaints of race or racial association discrimination, race or racial association harassment, or retaliation received during the six (6) month period preceding

9

the report, including the date the complaint was made, who made it (if available), what was alleged, and what actions WRS took to resolve the matter.

(b) A certification by WRS that the Notice required to be posted in Paragraph 23, above, remained posted during the entire six (6) month period preceding the report.

(c) A certification that all training has been provided as required in Paragraphs 17-19.

## MISCELLANEOUS PROVISIONS

27. This Consent Decree may be executed by the Parties in one or more counterparts each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

28. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who acquires or merges with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. WRS shall comply with all injunctive provisions of this decree.

29. The service of any notices, reports, or certificates to be given to the parties under this Consent Decree will be deemed sufficient, and effective upon mailing, if sent by first-class mail to:

>   Counsel for the EEOC:
>   Richard J. Mrizek
>   Trial Attorney
>   U.S. Equal Employment
>   Opportunity Commission
>   500 W. Madison, Suite 2000
>   Chicago, Illinois 60661
>
>   Counsel for Defendant
>   Michelle K. Mellinger
>   SEYFARTH SHAW LLP
>   131 South Dearborn Street

Suite 2400
Chicago, Illinois 60603

Counsel for Intervenors:
Lydia Bueschel
Robinson Curley & Clayton, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606

30. This Consent Decree constitutes the entire agreement between the parties hereto with respect to the matters herein, and it supersedes all negotiations, representations, comments, contracts and writings prior to the date of this Consent Decree.

31. Whenever possible, each provision and term of this Consent Decree shall be interpreted in such a manner as to be valid and enforceable; provided, however, that in the event any provision or term of this Consent Decree should be determined to be or rendered invalid or unenforceable (by an Act of Congress or otherwise), all other provisions and terms of this Consent Decree and the application thereof to all persons and circumstances subject thereto shall remain unaffected to the extent permitted by law.

32. WRS, EEOC, and Counsel for the Intervening Plaintiffs may jointly agree to modify the Consent Decree with respect to Paragraphs 11-14 with the approval of the Court. WRS and EEOC may jointly agree to modify the Consent Decree with respect to all other Paragraphs with the approval of the Court.

## DISPUTE RESOLUTION

33. If during the term of this Decree any party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other parties of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied

the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

34. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following the approval and entry of the Decree, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraph 33, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. DAVID LOPEZ
    GENERAL COUNSEL
JAMES LEE
Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, NE
Washington, DC 20507-0100

For WRS, INC.

/s/ Jeffrey Ross
Jeffrey Ross
Michelle Mellinger
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603

/s/John Hendrickson
JOHN C. HENDRICKSON
Regional Attorney

/s/ Gregory Gochanour
GREGORY GOCHANOUR
Supervisory Trial Attorney

/s/ Richard J. Mrizek
RICHARD J. MRIZEK
Trial Attorney

U.S. Equal Employment
Opportunity Commission
500 W. Madison, Suite 2000
Chicago, Illinois 60661

For RON ADDISON, KEVIN BENSON, J.D. BLAKES, TYRONE GASTON, JIM HERRINGER, KENNETH HUEMMER, CARL MCKNIGHT, NATHANIEL ROBERTS, MICHAEL SMITH, RANDY STEVENSON, AND RALPH TOWNES

/s/ Lydia A. Bueschel
FAY CLAYTON
LYDIA A. BUESCHEL
Robinson Curley & Clayton, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606

8-23-12
Date

Judge Virginia Kendall
United States District Court

## EXHIBIT A

### Schedule of Payments

|  | Compensatory Damages | Back Pay |
|---|---|---|
| REDACTED | $190,000 | |
| REDACTED | $95,000 | $5,000 |
| REDACTED | $190,000 | |
| REDACTED | $190,000 | |
| REDACTED | $20,000 | |
| REDACTED | $30,000 | |
| REDACTED | $170,000 | $20,000 |
| REDACTED | $190,000 | |
| REDACTED | $190,000 | |
| REDACTED | $20,000 | |
| REDACTED | $165,000 | $25,000 |

**EXHIBIT B**

## NOTICE TO WRS EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in <u>EEOC v. WRS,</u> No. 09-Cv-4272 (N.D. IL), resolving litigation filed by the Equal Employment Opportunity Commission ("EEOC") and by eleven former WRS employees against WRS.

In the suit, the EEOC and the eleven Plaintiffs alleged that WRS discriminated against African-American employees and against White employees who associated with African-American employees by subjecting them to harassment and differing terms and conditions of employment and that WRS retaliated against several Plaintiffs for complaining of discrimination. WRS denied the allegations of unlawful conduct and further asserted that it had taken reasonable care to prevent and correct any unlawful harassment, and made good faith efforts to comply with the law.

To resolve the case and without any admission by any party concerning any claims or defenses, WRS, the EEOC, and the Intervening Plaintiffs have entered into a Consent Decree which provides, among other things, that:

1) WRS will make monetary payments to the eleven Plaintiffs and their attorneys.

2) WRS will not discriminate against any employee on the basis of race or racial association.

3) WRS will not retaliate against any person because (s)he opposed any practice made unlawful by the Title VII, filed a charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree;

4) WRS will maintain and distribute to all employees a policy against race and racial association discrimination and will train all its employees regarding laws prohibiting race and racial association discrimination and harassment; and

5) WRS will report all complaints of race discrimination to the EEOC.

WRS has designated its General Counsel and Director of Human Resources with responsibility for implementing the terms of the Consent Decree.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 869-8000. The EEOC charges no fees and has employees that speak Spanish and other languages other than English.

**<u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE</u>**
This Notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: WRS Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661.

_____8-23-12_____  
Date

Judge Virginia Kendall  
United States District Court